OPINION
{¶ 1} This is an appeal by plaintiffs-appellants, W. Kendall Slack and Sharon J. Slack, from a judgment of the Franklin County Municipal Court, granting directed verdicts in favor of defendants-appellees, Fort Defiance Construction Supply, Inc. ("Fort Defiance"), the city of Westerville ("Westerville") and Delaware County.
 {¶ 2} Appellants reside at 186 North West Street, Westerville. During the summer of 2000, Fort Defiance began a road construction project for Delaware County and Westerville. The project included the replacement of sewer lines and utilities and also involved completely replacing North West Street.
 {¶ 3} During the construction project, appellants contacted Westerville with complaints that the work was causing damage to their home and property. Representatives from Westerville spoke with appellants, but no resolution was reached.
 {¶ 4} On July 22, 2003, appellants filed a complaint against appellees, alleging causes of action for negligent construction and negligent supervision in construction. The matter came for trial beginning on November 20, 2003.
 {¶ 5} Appellants' house was built in 1918, and appellants have resided there since 1960. At trial, appellant W. Kendall Slack (individually "Slack") testified that, during the construction project, wall plaster in the house cracked and tiles fell off the walls. Slack believed the plaster problems resulted from a mechanized shovel used by the construction company to "compact the fill." (Tr. 16.) Slack also testified that fill dirt was constantly being tracked into their garage and house during the construction, and that the outside of the house turned from white to a dull gray color. According to Slack, the porch "was constantly full of dirt," and required constant cleaning. He further noted that he usually washed his car once a week but, during the construction project, he washed it at least twice weekly; part of the damages appellants sought was for time spent scrubbing the porch and for the cost of additional car washes. Slack testified that a maple tree in his yard "is either dying or dead," and he attributed this to Westerville's installation of utility conduits, which he believed damaged the tree's roots. (Tr. 24.) Slack was unsure as to the entity responsible for installation of the conduits.
 {¶ 6} Appellant Sharon J. Slack testified that, during the road construction project, she backed her car out of her driveway early one morning and bumped into an orange and white barrel, resulting in a broken taillight. She stated there were no flashing lights on the barrel.
 {¶ 7} Appellants also presented the testimony of a painter, Thomas Williams, who had performed work at appellants' residence. It was anticipated that another witness would testify about an invoice, but that individual failed to appear.
 {¶ 8} At the close of appellants' case-in-chief, Westerville and Delaware County moved for a directed verdict on the basis that they were entitled to statutory immunity under R.C. Chapter 2744, the Political Subdivision Tort Liability Act.[1] Fort Defiance also moved for a directed verdict, arguing that a public highway contractor is not accountable for damages caused during construction unless those damages are caused by the contractor's negligence. Fort Defiance asserted that appellants failed to offer evidence as to any negligence, with the exception of testimony regarding damage to a tree. The trial court granted the motions for directed verdict of all appellees, and the court filed a judgment entry on November 24, 2003, dismissing the case.
 {¶ 9} On appeal, appellants set forth the following four assignments of error for review:
1. The trial court erred by not finding contractor fort defiance strictly liable for the damages caused to mr. and mrs. slack's property.
2. The trial court erred by not inferring contractor fort defiance negligent for the damages caused to Mr. and Mrs. Slack's property.
3. The trial court erred in not finding contractor fort defiance negligent.
4. The trial court erred in granting governmental immunity to contractor fort defiance.
 {¶ 10} The issue of whether a trial court properly granted a motion for a directed verdict presents a question of law, which we review de novo. McConnell v. Hunt Sports Ent. (1999),132 Ohio App.3d 657, 686-687. A motion for directed verdict may be granted when the trial court, in construing the evidence most strongly in favor of the non-moving party, finds that, upon any determinative issue, reasonable minds can come to but one conclusion based upon the evidence presented, and that conclusion is adverse to the non-moving party. Id. at 686. Further, in determining whether to grant a directed verdict, the trial court does not engage in a weighing of the evidence or an evaluation of the credibility of the witnesses but, instead, is confronted solely with the issue whether there is sufficient evidence at trial so as to create a factual question for the jury. Id.
 {¶ 11} Under their first assignment of error, appellants contend that the trial court erred in utilizing a negligence standard, rather than a strict liability standard, in finding that Fort Defiance was not liable for damages caused to their property. Appellants rely in part upon Cincinnati TerminalWarehouses, Inc. v. Contractor, Inc. (1975), 324 N.E.2d 581, 582, in which that court held that "damages proximately caused by pile driving operations may be the subject of strict liability." (Emphasis added.) In so holding, the court inCincinnati Terminal found "no difference between the ultimate effect of subterranean blasting with explosives which causes shock waves to be transmitted through the ground, and pile driving operations which produce comparable vibrations." Id.
 {¶ 12} We note that the instant case does not involve "pile driving," as that term is commonly used. See, e.g., Gar-ConDevelop. v. State (Fla.App. 1985), 468 So.2d 413, 415 ("The common, plain and ordinary meaning of the term `pile driving' is the driving of a long slender member, usually of timber, steel or reinforced concrete, into the ground to carry a vertical load, to resist a lateral force, or to resist water or earth pressure"). Rather, Slack testified that the construction workers utilized a mechanical shovel for compacting (or tamping) soil.
 {¶ 13} While the evidence does not indicate that pile driving was performed, we will nevertheless consider whether the work described constituted abnormally dangerous activity. We note, however, that appellants did not argue their case on a strict liability theory and, therefore, never requested that the trial court find that any conduct by Fort Defiance constituted abnormally dangerous activity.
 {¶ 14} In Doherty v. The Ohio State Univ. (June 26, 1990), Franklin App. No. 89AP-746, this court cited with approval the six factors set forth in the Restatement of the Law 2d, Torts (1965), Section 520, to be considered in ascertaining whether an activity shall be deemed abnormally dangerous: (1) the existence of a high degree of risk of some harm to the person, land or chattels of others; (2) the likelihood that the resulting harm will be great; (3) the inability to eliminate the risk of harm by the exercise of reasonable care; (4) the extent to which the activity is not a matter of common usage; (5) the inappropriateness of the activity to the place where it is carried on; and (6) the extent to which its value to the community is outweighed by its dangerous attributes.
 {¶ 15} Upon review of those factors, we conclude that appellants have failed to show that utilization of the mechanical shovel constituted an abnormally dangerous activity. Appellants do not cite any evidence from the record of a high degree of risk of harm by this activity, or the likelihood that the harm caused by a shovel compacting soil would be great. Further, there was no evidence that this type of activity involved a high degree of risk that could not have been eliminated by the use of reasonable care. In fact, appellants' complaint alleged that their damages were the result of negligence rather than an abnormally dangerous instrumentality. There was also no evidence that compacting or tamping soil in this manner is not a matter of common usage, or that the activity was not appropriate to the location. Finally, as conceded by appellants during their testimony, the road improvement in this case ultimately enhanced the beauty and character of their neighborhood and presumably there is little doubt that construction projects such as this are of significant value to the community, and that its benefits outweigh any dangerous attributes. Accordingly, upon the record presented, this court finds that the activity at issue was not abnormally dangerous as a matter of law.
 {¶ 16} Appellants' first assignment of error is without merit and is overruled.
 {¶ 17} We will address appellants' second and third assignments of error in inverse order. Under their third assignment of error, appellants contend that the trial court erred in failing to find Fort Defiance negligent. Appellants argue that they presented competent evidence to demonstrate that Fort Defiance caused damage to their home, yard and premises by using machinery in such a manner that it caused vibrations to travel from the construction area to their home.
 {¶ 18} In order to recover on the basis of negligence, appellants were required to establish that Fort Defiance owed them a duty of care, that Fort Defiance breached that duty, and that the breach of duty proximately caused appellants' damages.Shadler v. Double D. Ventures, Inc., Lucas App. No. L-03-1278,2004-Ohio-4802, at ¶ 25, citing Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77.
 {¶ 19} In the present case, while appellants presented testimony as to alleged damages to their property, they failed to present substantial evidence that Fort Defiance was negligent in the work it performed on this project, or that vibrations from the operation of the mechanized shovel caused damage to their property.
 {¶ 20} We initially note there was no evidence before the trial court indicating that Fort Defiance failed to use proper care, or that the manner in which it performed the work was inconsistent with generally accepted construction practices. In this regard, appellants presented no testimony regarding what the normal procedures or methods for compacting or tamping soil would be in this situation, or whether alternative methods of performing the work were available. In granting Fort Defiance's motion for directed verdict, the trial court found "[t]here has been no proof * * * that the construction company engaged in any practices that were negligent." (Tr. 89.) Upon review, we agree that appellants simply did not present evidence upon which a trier of fact could conclude that the machine was operated in a negligent manner.
 {¶ 21} Even assuming that appellants had presented sufficient evidence that Fort Defiance failed to exercise the requisite standard of care in performing the work, appellants failed to show that such negligence was a proximate cause of the harm. As noted under the facts, appellants' house was constructed in 1918, and, on cross-examination, Slack acknowledged that he would occasionally find cracks in the walls that might be expected in a house of that age (i.e., as a result of settling, etc.) He noted, "every time we have the house painted, that situation is corrected." (Tr. 35.) Further, appellants' "expert" witness, Thomas Williams, testified that appellants had planned to have work done on the house prior to the construction project. Williams, a painter, testified that he was at the house approximately two months prior to the road construction project, and, at that time, he noticed some small cracks in the plaster walls. After the construction project was completed, Williams returned to appellants' residence and noticed "loose paint particles" that were "kind of new." (Tr. 57.) Williams testified he would "guess" that there had been some vibrations that "had to have taken place for it to happen." (Tr. 60.)
 {¶ 22} While appellants refer in their brief to Williams as their "expert" witness, we note that this witness acknowledged that he was a "layman," with no training as to the cause of cracks, and there is no indication he had training regarding the effect of vibrations on building structures. Even accepting that expert testimony is not required in this case, Williams' "guess" that vibrations caused damage to the home is insufficient to establish a causal connection between the actions of Fort Defiance and damage to appellants' property, as the trier of fact would have to resort to conjecture and speculation to find that the cracks resulted from vibrations during the construction work. Finally, regarding appellants' claim that Fort Defiance negligently caused damage to a tree on their property, Slack acknowledged during cross-examination that he did not know if Fort Defiance was responsible for the conduit work that was performed.
 {¶ 23} Based upon the foregoing, appellants have failed to demonstrate that Fort Defiance acted negligently, or that any alleged negligence caused their damages. Having reviewed the record, and construing the evidence most strongly in favor of appellants, we conclude that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party. Accordingly, the trial court did not err in granting Fort Defiance's motion for a directed verdict, and appellants' third assignment of error is overruled.
 {¶ 24} Under their second assignment of error, appellants contend that the trial court erred in failing to apply the doctrine of res ipsa loquitur to find Fort Defiance negligent.
 {¶ 25} In general, "res ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff." Hake v. Wiedemann Brewing Co. (1970),23 Ohio St.2d 65, 66. In Hake, supra, at 66-67, the Ohio Supreme Court set forth the following prerequisites for application of the doctrine:
To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.
 {¶ 26} Although appellants testified that a "big shovel" was under the exclusive control of Fort Defiance, appellants failed to prove that Fort Defiance had exclusive control of the instrumentality causing the injury. Rather, as noted above, the evidence did not exclude other causes of the cracks, as there was evidence that the house, which was built in 1918, may have had cracks in the walls prior to the construction project, and that appellants intended to repair the house before such project. The doctrine of res ipsa loquitur "is not applicable when the `* * * facts are such that an inference that the accident was due to a cause other than the defendant's negligence could be drawn as reasonably as that it was due to his negligence.'" Deer v.River Valley Health Sys. (Jan. 3, 2001), Lawrence App. No. 00CA20, quoting Loomis v. Toledo Rys. Light Co. (1923),107 Ohio St. 161, 170.
 {¶ 27} Further, appellants also failed to demonstrate that the injury would not have occurred if ordinary care had been exercised. Again, at trial, only appellants and their painter testified, and there was no evidence offered to raise an inference that appellants' injuries resulted because Fort Defiance failed to observe ordinary care in performing the work. Thus, we conclude that the doctrine of res ipsa loquitur has no application to this case.
 {¶ 28} Appellants' second assignment of error is without merit and is overruled.
 {¶ 29} Because we find that the trial court did not err in granting a directed verdict as to appellants' negligence claim against Fort Defiance, we need not reach the issue whether governmental immunity is applicable to bar liability against Fort Defiance. Accordingly, appellants' fourth assignment of error is overruled as moot.
 {¶ 30} Based upon the foregoing, appellants' four assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
Lazarus, P.J., and Sadler, J., Concur.
[1] Although appellees Westerville and Delaware County have both filed appellate briefs in this case, appellants have not challenged the trial court's granting of directed verdicts in favor of those appellees on the basis of governmental immunity.