SIMMONS et al., Appellants,

v.

AMERICAN PACIFIC ENTERPRISES, L.L.C. et al., Appellees.

[Cite as *Simmons v. Am. Pacific Ent., L.L.C.,* 164 Ohio App.3d 763, 2005-Ohio-6957.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–474.

Decided Dec. 29, 2005.

Wilcox, Schlosser & Bendig Co., L.P.A., and Jacob A. Schlosser, for appellants.

Lane, Alton & Horst, L.L.C., and John C. Barno, for appellee American Pacific Enterprises, L.L.C.

_____

BRYANT, Judge.

{¶ 1} Plaintiffs-appellants, Julius G. Simmons ("Simmons") and Pamela Simmons, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, American Pacific Enterprises, L.L.C. ("APE") and Florian Brahimi. Because a genuine issue of material fact arises in determining whether the open-and-obvious doctrine absolves defendants of liability for Simmons's injury, we reverse.

{¶ 2} On May 16, 2003, Simmons, an employee of Whitney Express, delivered freight to APE's warehouse facility. Simmons backed his straight truck eight to ten inches from APE's loading dock and asked Brahimi, an employee of APE, to unload the freight. Brahimi laid down a four-by-five-foot dock plate to cover the eight-to-ten-inch gap and then unloaded the freight with a pallet jack. After Brahimi unloaded the freight onto the dock, Simmons handed Brahimi the paperwork and mentioned that Simmons needed to rearrange the truck's remaining freight.

{¶ 3} Simmons restacked the freight in the truck's nose and then returned to the rear of the truck to position his next delivery, a large cabinet. Standing at the rear of the truck with his back to the loading dock, Simmons slid his dolly under the cabinet and stepped back off the truck and toward the loading dock where he assumed the dock plate was still situated. The dock plate was no longer in position, and Simmons fell through the eight-to-ten-inch gap between the truck and the loading dock, injuring his hip and leg. No one told Simmons the dock plate had been removed, and Simmons did not hear or see the dock plate being removed.

{¶ 4} At the time of the accident, the day was bright and sunny, and nothing blocked Simmons's view of the gap between the truck and the loading dock. Simmons did not notice the removal of the dock plate because, walking backward with his attention focused on his freight, he never turned to look behind him. Simmons admits that if he had turned around or walked facing forward, he would have noticed the absent dock plate and the gap that caused his injury.

{¶ 5} On August 19, 2003, plaintiffs filed a complaint against APE alleging that Brahimi, an employee of APE, negligently caused Simmons to injure his hip and leg. APE filed an answer to the complaint, admitting that its employee had negligently caused injury to Simmons. Nonetheless, on June 11, 2003, APE filed

a motion for summary judgment asserting that the injury-causing gap was an "open and obvious" condition on the premises. Although the trial court initially granted APE's motion, it vacated its decision. With leave of court, APE filed an amended answer denying the negligence alleged in the complaint. On March 21, 2004, the trial court again ruled on APE's June 11, 2003 motion and granted summary judgment to APE. Plaintiffs appeal, assigning two errors:

### Assignment of Error No. 1

The trial court committed prejudicial error in granting appellee's motion to amend its answer for the purpose of substituting denials in place of appellee's admissions of negligence.

### Assignment of Error No. 2

The trial court committed prejudicial error by granting summary judgment in favor of appellee; issues of material fact existed and appellee was not entitled to judgment as a matter of law.

{¶ 6} An appellate court's review of summary judgment is conducted de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. We apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; *Brown* at 711, 622 N.E.2d 1153. We must affirm the trial court's judgment if any of the grounds the movant raised in the trial court support the judgment. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 7} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.

{¶ 8} In the first assignment of error, plaintiffs contend that the trial court erred by granting APE's motion to amend its answer for the purpose of substituting denials for APE's admissions of negligence. Plaintiffs contend that

the trial court abused its discretion because the amendment caused undue delay and was highly prejudicial to plaintiffs.

{¶ 9} Since "the language of Civ.R. 15(A) favors a liberal amendment policy[,] * * * a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 6, 12 OBR 1, 465 N.E.2d 377. Prejudice to an opposing party is the most critical factor to be considered in determining whether to grant leave to amend. *Frayer Seed, Inc. v. Century 21 Fertilizer & Farm Chem., Inc.* (1988), 51 Ohio App.3d 158, 165, 555 N.E.2d 654. Timeliness of the request is another factor to consider, but delay, in itself, should not operate to preclude an amendment. Id.

{¶ 10} Here, APE filed a motion for leave to file an amended answer on the basis of mistake. APE sought to demonstrate the mistaken character of its admissions of negligence in the first three paragraphs of its answer by specifically referring to denials of negligence in its third defense and the "wherefore" clause of the same answer. APE further contended that its request for admissions, its summary judgment motion, and the nature of the discovery established that APE was contesting the issue of negligence, and thus plaintiffs would suffer no prejudice in the court's allowing APE to amend its answer.

{¶ 11} Plaintiffs countered with contentions that granting leave to amend was highly prejudicial because plaintiffs reasonably relied on APE's admissions in plaintiffs' discovery efforts and their preparation for trial. Plaintiffs also argued that the untimely insertion of the negligence issue so late in the proceedings was in itself unduly prejudicial.

{¶ 12} The trial court granted APE's motion for leave to amend, finding it "clear from the actions and the pleadings previously filed by both parties, that all involved have been proceeding with this case under the assumption that [APE] had denied negligence." The court thus found that even with a technical admission to negligence, plaintiffs would not be prejudiced by the court's allowing APE to amend its answer and correct its mistake.

{¶ 13} The decision whether to grant a motion for leave to amend a pleading is within the discretion of a trial court, and an appellate court will not reverse a trial court's decision absent an abuse of discretion. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. The term "abuse of discretion" connotes more than an error of law or judgment and implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248.

{¶ 14} APE adequately demonstrated mistake. The correction of APE's mistake did not unduly delay or unduly prejudice plaintiffs, because the record demonstrates that the parties were conducting trial preparation as if APE had denied negligence. Although APE filed its motion six days before the initial trial date, the trial already had been postponed due to APE's pending motion for summary judgment that expressly denied negligence as a matter of law. Under the circumstances present here, the trial court did not abuse its discretion by granting APE's motion to amend. Plaintiffs' first assignment of error is overruled.

{¶ 15} In the second assignment of error, plaintiffs contend that the trial court committed prejudicial error by granting APE's motion for summary judgment. Plaintiffs' argument reduces to their contention that the trial court erred because genuine issues of material fact preclude application of the open-and-obvious doctrine.

{¶ 16} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467. It is well recognized that owners and occupiers of land owe a duty towards business invitees who come onto their premises. *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 52, 7 O.O.3d 130, 372 N.E.2d 335; *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 46–47, 48 O.O.2d 52, 249 N.E.2d 804. The duty requires the owner or occupier to exercise ordinary care in (1) maintaining its premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers, and (2) not injuring its invitees by negligent activities conducted on its premises. *Perry,* supra, at 52–53, 7 O.O.3d 130, 372 N.E.2d 335.

{¶ 17} Here, the trial court granted summary judgment in favor of APE because it found that the injury-causing gap was an open and obvious danger as a matter of law, leaving APE with no duty to protect Simmons from the hazard. In addition, the trial court noted that (1) the weather was bright and sunny, and nothing blocked Simmons's view of the gap between the truck and the loading dock, (2) had Simmons been looking where he was walking, he would have noticed the gap between his truck and the loading dock, and (3) Simmons did not take any steps to insure his safety as he was walking. Finding that APE owed no duty to protect or warn Simmons of the open and obvious hazard caused by the gap, the trial court found that plaintiffs failed to prove the first element of an actionable claim of negligence.

{¶ 18} On appeal, plaintiffs contend that the trial erred in granting summary judgment in favor of APE because (1) the evidence presents a jury question on whether APE's negligence is absolved by the open-and-obvious doctrine, (2) the

injury-causing gap was not open and obvious, and (3) even if the injury-causing gap was open and obvious, APE is not completely absolved from the duties imposed by the frequenter statutes (R.C. 4101.11 and 4101.12).

{¶ 19} Plaintiffs initially contend that the evidence presents a jury question of whether APE's negligence is absolved by the open-and-obvious doctrine. Plaintiffs suggest that their negligence claim is not obviated by the doctrine because APE committed an active form of negligence through its employee's actions, not a passive form of negligence through a preexisting static hazard to which the doctrine applies. Because the facts would allow reasonable minds to determine that Simmons's injury was caused by active negligence on the premises, and because the open-and-obvious doctrine applies only to static conditions, plaintiffs contend that the trial court erred in granting summary judgment in favor of APE.

{¶ 20} Premises tort claims where the alleged negligence arises from static or passive conditions, such as preexisting latent defects, are legally distinct from claims averring active negligence by act or omission. Compare, e.g., *Horner v. Jiffy Lube Intl., Inc.*, Franklin App. No. 01AP–1054, 2002-Ohio-2880, 2002 WL 1224969, and *Schmitt v. Duke Realty, L.P.*, Franklin App. No. 04AP–251, 2005-Ohio-4245, 2005 WL 1953074, with *Slack v. Fort Defiance Constr. & Supply, Inc.*, Franklin App. No. 03AP–1268, 2004-Ohio-6520, 2004 WL 2806310, and *Paulino v. McCary*, Franklin App. No. 04AP–1186, 2005-Ohio-5920, 2005 WL 2981298. The distinction between static and dynamic forms of negligence is legally significant, because it directly correlates to the two separate and distinct duties an occupier owes its business invitees: (1) static conditions relate to the owner's duty to maintain its premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers, while (2) active negligence relates to the owner's duty not to injure its invitees by negligent activities conducted on the premises. *Perry*, supra, 53 Ohio St.2d 51, 7 O.O.3d 130, 372 N.E.2d 335.

{¶ 21} The open-and-obvious doctrine eliminates a premises occupier's duty to warn a business invitee of static dangers on the premises if the dangers are known to the invitee or are so obvious and apparent to the invitee that he or she may reasonably be expected to discover them and protect himself or herself against them. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. The rationale is that an open and obvious danger serves as its own warning. Open and obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection. *Lydic v. Lowe's Cos., Inc.*, Franklin App. No. 01AP–1432, 2002-Ohio-5001, 2002 WL 31111820, at ¶ 10. A person does not need to observe the dangerous condition for it to be an "open and obvious" condition under the law; rather, the determinative issue is whether the condition

is observable. Id. at ¶ 10. Even in cases where the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty to exist in cases where the plaintiff could have seen the condition if he or she had looked. Id. at ¶ 10.

{¶ 22} Here, the trial court found that APE did not have a duty to warn Simmons of the injury-causing gap because the condition was open and obvious as a matter of law. Although Simmons had his back to the gap and was not aware of its existence, Simmons acknowledged that he would have seen the gap had he turned and looked. Plaintiffs' negligence claim, however, was not predicated solely on a failure to warn of a preexisting static hazard; plaintiffs allege that Brahimi negligently removed the dock plate while Simmons was still in the process of unloading freight. The evidence of record in fact demonstrates that Brahimi removed the dock plate some time before Simmons's injury, thus creating an issue of fact concerning Brahimi's actions and whether they constitute an act of negligence to which the open-and-obvious doctrine would not apply. While the amount of time elapsing between Brahimi's act and Simmons's injury may be significant in determining whether Brahimi's action had become a static condition on the premises, the record evidence makes sufficiently clear that when the facts are construed in a light most favorable to plaintiffs, reasonable minds could find that Brahimi's active conduct caused Simmons's injury, thus rendering the open-and-obvious doctrine inapplicable.

{¶ 23} In the final analysis, a premises occupier's liability can arise under a static form of negligence through a failure to warn its invitees of a latent or hidden defect on the premises. Alternatively, it can arise from a dynamic form of negligence if its invitee is injured by its own act or by activities conducted on the premises. Because genuine issues remain whether Simmons was injured by a dynamic or static condition on the premises, and because the open-and-obvious doctrine applies only to static conditions, the trial court erred in granting summary judgment in favor of APE. Plaintiffs' second assignment of error is sustained.

{¶ 24} Having overruled plaintiffs' first assignment of error, but having sustained plaintiffs' second assignment of error, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed and
cause remanded.

PETREE and TRAVIS, JJ., concur.