DECISION AND JUDGMENT ENTRY
{¶ 1} This trip and fall case is before the court on appeal of a judgment of the Erie County Court of Common Pleas which granted appellee Discount Drug Mart, Inc.'s motion for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} On May 10, 2004, appellant, Lynda Black, entered appellee's store. Appellant proceeded around the cosmetics counter which consisted of an illuminated *Page 2 
glass display case. As she turned the corner around the cosmetics counter, she tripped over a red plastic bin which was located on the white tiled floor somewhere near the corner of the counter. The bin was filled with merchandise for restocking the store shelves. Appellant sustained injuries. On March 14, 2005, appellant filed a complaint alleging negligence by appellee in maintaining its property.
 {¶ 3} On February 21, 2006, appellee filed a motion for summary judgment asserting that it owed appellant no duty because the plastic bin was an open and obvious condition. On May 22, 2006, the trial court granted appellee's motion for summary judgment.
 {¶ 4} Appellant asserts the following assignments of error:
 {¶ 5} "1. Did the trial court err in not allowing a jury to determine whether the plastic bin constituted an open and obvious condition?
 {¶ 6} "2. Did the trial court err in concluding that no evidence was presented sufficient to create a material issue of fact concerning whether the plastic bin causing appellant's injuries was an open and obvious condition?
 {¶ 7} "3. Did the trial court err in not allowing a jury to determine whether the plastic bin constituted a dynamic condition, to which the open and obvious doctrine does not apply?
 {¶ 8} "4. Did the trial court err in concluding that no evidence was presented sufficient to create a material issue of fact concerning whether the appellant's injuries were caused by appellee's active negligence?" *Page 3 
 {¶ 9} Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 10} We will consider appellant's interrelated third and fourth assignments of error first since they present a threshold issue regarding whether the open and obvious doctrine even applies in the present case. Relative to a property owner's duty to an invitee, the owner "`* * * must not only use care not to injure the visitor bynegligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not *Page 4 
know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use.'" (Emphasis added.) Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52
quoting Prosser on Torts (4 Ed.), 392-93 (1971). "Premises tort claims where the alleged negligence arises from static or passive conditions, such as preexisting latent defects, are legally distinct from claims averring active negligence by act or omission." Simmons v. Am. Pac.Enters., LLC, 164 Ohio App.3d 763, 2005-Ohio-6957, ¶ 20. "The distinction between static and dynamic forms of negligence is legally significant, because it directly correlates to the two separate and distinct duties an occupier owes its business invitees: (1) static conditions relate to the owner's duty to maintain its premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers, while (2) active negligence relates to the owner's duty not to injure its invitees by negligent activities conducted on the premises." Id. citing Perry. Where a danger is open and obvious, a landowner or business owner owes no duty of care to individuals lawfully on the premises. Armstrong v. Best Buy Co.,99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. This open-and-obvious doctrine applies only to static conditions. Simmons, ¶ 23.
 {¶ 11} Citing Simmons, appellant argues that the bin was a dynamic hazard to which the open and obvious doctrine does not apply. InSimmons, the court discussed the difference between negligence arising from a static condition and a more active negligence arising from a dynamic condition. The court found that genuine issues existed *Page 5 
regarding which classification applied to the condition of an employee removing a dock plate between the appellant's truck and a loading dock during an unloading process. The Tenth District's comments inSimmons clearly indicate that a condition may become static through lapse of time. See Routzahn v. Garrison, 2d Dist. No. 21190,2006-Ohio-3652, ¶ 34. In the present case, unlike the dock plate inSimmons, there was no evidence that the bin had not been present in the aisle for a substantial amount of time. It had become a static condition. It was not a changing condition during appellant's visit to the store.
 {¶ 12} Appellant also claims "active negligence" on the part of appellee in deficiencies in customer safety training and stocking procedures. Appellant cites no cases in support. Further, there are many cases in which the open and obvious doctrine applied and apparently no active negligence was found relative to various display and merchandise stocking-type equipment left on the store floor. See Silbernagel v.Meijer Stores Ltd. Partnership, 12th Dist. No. CA2006-02-040,2006-Ohio-5658 (display frame); Colvin v. Kroger Co., Inc., 12th Dist. No. CA2005-07-026, 2006-Ohio-1151 (flat-loading Kroger cart, also called a u-boat); Sopko v. Marc Glassman, Inc. (Apr. 30, 1999), 11th Dist. No. 98-L-006 (an empty "end cap" display); Austin v. Woolworth Dept.Stores (May 6, 1997), 10th Dist. No. 96APE10-1430 (partially empty display pallet).
 {¶ 13} Under the specific facts of this case, we see no application for the "dynamic condition" or "active negligence" theory appellant proposes. There are no material questions of fact relative to these issues. We see no reason not to apply the open and *Page 6 
obvious doctrine. Routzahn, ¶ 37. Appellant's third and fourth assignments of error are not well-taken.
 {¶ 14} Relative to the open and obvious doctrine, the owner or occupier is not an insurer of a business invitee's safety. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203-204. Where a danger is open and obvious, a landowner or business owner owes no duty of care to individuals lawfully on the premises. Armstrong v. Best BuyCo., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5, citing Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. "The rationale underlying this doctrine is that `the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Id., citing Paschal, and Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Armstrong, ¶ 13.
 {¶ 15} In appellant's first and second assignments of error, she asserts that there remain material questions of fact for a jury relative to whether the bin was an open and obvious condition. Appellant testified that she did not see the bin because it was positioned right at the corner of the cosmetics counter. Appellant asserts that there remain material questions of fact relative to the exact position of the plastic bin at the *Page 7 
time of appellant's fall. The photographs used to support appellee's motion admittedly depict a "re-creation" of the scene near the cosmetics counter where appellant fell. The photographs were not taken at the time of appellant's fall.
 {¶ 16} Even if we were to assume that the exact position of the bin was in dispute, when viewing the photographs, we note that the bin is so large that reasonable minds could only conclude that it was open and obvious. Appellant described the approximate dimensions of the bin as 36 inches long, 24 inches wide and 18 inches tall. As appearing in the photographs positioned very near the cosmetics counter, the bin is so large that even if it was positioned at the corner, a large portion would still be clearly visible in the aisle. Also upon review of the photographs, we note that there was not a true corner to the cosmetics counter as it did not change at a 90 degree angle. Upon viewing the photographs, appellant agreed that it appears to be a more gradual transition with a small section of the counter that is at a 45 degree angle. Appellant described it as a "horseshoe" shape.
 {¶ 17} Appellant contends that the merchandise in the glass cosmetics case would block any attempt to view the bin before turning the corner. Although appellant cites Lovejoy v. Sears, Roebuck Co. (June 19, 1998), 6th Dist. No. L-98-1025, we find that case distinguishable. InLovejoy there were questions of fact relative to whether the defect in the carpet molding was open and obvious given the appellant's testimony that she had to look for the hangers and other hazardous protrusions from a clothes rack that were at her eye level. The present case does not involve a situation where the invitee was *Page 8 
acting prudently by attending to one danger and missed another. SeeNavarette v. Pertoria, Inc., 6th Dist. No. WD-02-070, 2003-Ohio-4222, ¶ 19. As we noted in Lovejoy, "[c]ustomers who are distracted by merchandising signs, goods, and displays routinely encountered within a store for sales promotion are not excused from discovering open and obvious dangers." Lovejoy citing Grossnickle v. Germantown (1965),3 Ohio St.2d 96, 103-104 and Ankney v. Seaway Foodtown (Mar. 1, 1991), 6th Dist. No. WD-90-55. The cosmetics in the glass case that may have distracted appellant are part of the displays one routinely encounters within a store for sales promotion. Their presence does not excuse appellant from discovering the open and obvious condition of the large bin protruding into the aisle. Further, appellant testified that she "occasionally" had seen similar bins in this store on previous visits.
 {¶ 18} We further find that the present case does not involve a hazard that was hidden because it was a similar color to the surface upon which the invitee was walking as in Diehlman v. Braunfels (Aug. 1, 1997), 6th Dist. No. L-96-357 and Miller v. Beer Barrel Saloon (May 24, 1991), 6th Dist. No. 90-OT-050. In the present case, the bin was red and the floor was white. Rather, this case is akin to cases where an invitee simply missed seeing a hazard that was clearly visible until after she fell.Navarette, ¶ 19; Armstrong, ¶ 16; Paschal at 203; and Buck v.DeBartolo (Sept. 29, 2000), 6th Dist. No. WD-99-084.
 {¶ 19} We conclude that even when all the evidence presented for summary judgment is construed most favorably for appellant, reasonable minds could reach only *Page 9 
the conclusion that the plastic bin was an open and obvious hazard. Appellant's first and second assignments of error are not well-taken.
 {¶ 20} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App .R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1