OPINION
{¶ 1} Plaintiff-appellant, John Sherlock, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Shelly Company ("Shelly"). Because the injury-causing hazard was open and obvious as a matter of law, we affirm.
 {¶ 2} According to the evidence the parties submitted in connection with defendant's summary judgment motion, plaintiff arrived at Shelly's plant on September 21, 2005 to pick up two truck loads of asphalt. Plaintiff drove the first truck onto the loading *Page 2 
scales where Glenn Brick, the plant's operator, took plaintiff's order and filled his truck bed with the requested grade of asphalt. Plaintiff then drove his truck forward off the loading ramp. Because the second truck was new, and a subcontractor inexperienced in the loading process was driving it, plaintiff exited his vehicle and asked Brick if plaintiff could monitor the second truck. After receiving an affirmative reply, plaintiff walked back toward the loading area to make sure the second truck was correctly positioned under the asphalt loader.
 {¶ 3} On his way to monitor the second truck, plaintiff walked across a concrete ramp sloping away from the loading scales. The concrete was saturated with one and one-half to two inches of water continuously flowing down the ramp from an open water hydrant located next to the loading scales. Plaintiff walked through the water about five or ten feet down the ramp from the hydrant. After witnessing that the second truck was successfully loaded, plaintiff walked back toward his truck. Although he took a slightly different route around the hydrant, he again began to tread through the water on the concrete ramp when he slipped and fell on the algae that accumulated under the water. Plaintiff alleges that as a result he suffered serious injury to his right hip.
 {¶ 4} Plaintiff filed a complaint alleging Shelly negligently caused the injuries he sustained at Shelly's plant. Shelly denied liability and subsequently moved for summary judgment, arguing the open and obvious doctrine precluded plaintiff's negligence claim because the injury-causing hazard was in plain view and without obstruction. Shelly attached photos of the accident scene to support its position that the hazard was readily observable. Plaintiff contested Shelly's motion by attaching an affidavit to his motion *Page 3 
claiming glare from sunlight and the discolored water prevented him from seeing the algae that caused his fall. The trial court granted Shelly's motion, finding the algae "clearly visible and discernable" in the photos Shelly submitted.
 {¶ 5} Plaintiff appeals, assigning two errors:
FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER APPELLEES [sic] NEGLIGENCE CAUSED APPELLANTS [sic] INJURIES RENDERING THE DOCTRINE OF OPEN AND OBVIOUS INAPPLICABLE PRECLUDING SUMMARY JUDGMENT.
SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN FAILING TO APPLY THE EXCEPTION TO THE OPEN AND OBVIOUS DOCTRINE IN THAT THE DEFENDANT CREATED AN UNNATURAL CONDITION AND KNEW THAT A HAZARDOUS CONDITION EXISTED YET FAILED TO WARN ITS BUSINESS INVITEES OF THE HAZARD.
 {¶ 6} An appellate court's review of summary judgment is conducted de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. We apply the same standard the trial court applies and conduct an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107; Brown at 711. We affirm the trial court's judgment if any of the grounds the movant raised in the trial court support the judgment.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42. *Page 4 
 {¶ 7} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
I. First Assignment of Error {¶ 8} Plaintiff's first assignment of error contends the trial court erred in granting summary judgment to Shelly because the evidence presents a jury question of whether the open and obvious doctrine eliminates any duty Shelly otherwise owed to plaintiff. Pointing to his affidavit, plaintiff asserts he contested the visibility of the algae when he stated he could not see the algae due to the discolored water and glare from the lights and sunlight. Plaintiff maintains his evidence allows reasonable minds to conclude Shelly's negligence was not open and obvious as a matter of law.
 {¶ 9} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. The parties agree that plaintiff was a business invitee when he fell on Shelly's premises. A business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including an obligation to warn invitees of latent or hidden danger, so as not to unnecessarily and unreasonably expose its invitees to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203; Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 52. A business owner, however, is not an insurer of a customer's safety. Id. *Page 5 
 {¶ 10} The open and obvious doctrine eliminates a premises owner's duty to warn a business invitee of dangers on the premises either known to the invitee or so obvious and apparent to the invitee that he or she may reasonably be expected to discover them and protect against them.Simmons v. American Pacific Enterprises, LLC, 164 Ohio App.3d 763,2005-Ohio-6957, ¶ 21, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The doctrine's rationale is that because the open and obvious nature of the hazard itself serves as a warning, business owners may reasonably expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. Simmers v. Bentley Constr.Co. (1992), 64 Ohio St.3d 642, 644.
 {¶ 11} Open and obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection. Lydic v. Lowe's Cos.,Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. A person does not need to observe the dangerous condition for it to be an "open and obvious" condition under the law; rather, the determinative issue is whether the condition is observable. Id. Even in cases where the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty where the plaintiff could have seen the condition if he or she had looked. Id.
 {¶ 12} Here, plaintiff testified in deposition that the standing water and water hydrant were in plain view and "there was nothing that obstructed my view" of them. (Sherlock Depo., 41.) Although plaintiff was not particularly mindful of the hazard, he explained the water was observable "[i]f I had been paying attention to it," but "[t]his is not something you kind of look at." Id. In connection with that testimony, Shelly submitted a photograph that Brick testified accurately depicted the hazard on the day plaintiff fell. The *Page 6 
photograph revealed that the algae was clearly visible and discernable through the standing, clear water on the morning plaintiff fell, as the algae was green upon the light-colored cement. When plaintiff's testimony is combined with the scene depicted in the photograph, the evidence undisputedly supports the trial court's conclusion and demonstrates the hazard was open and obvious: plaintiff could have seen the algae through the water if he had looked.
 {¶ 13} Plaintiff's affidavit does not undermine such a conclusion because the statements plaintiff relies on in his affidavit contradict the statements in his deposition. In his deposition, plaintiff stated "nothing obstructed [his] view" of the standing water. When asked if he could see the water, plaintiff replied, "If I had been paying attention to it, probably yes. This is not something you kind of look at. You wouldn't do that." Id. at 41. When later asked whether Shelly's photograph accurately reflected the algae on the morning of his fall, he explained: "I cannot say what they looked like that day. I fell in the morning. I don't know. * * * I didn't inspect the area before I walked on it." Id. at 46.
 {¶ 14} By contrast, in the affidavit plaintiff submitted with his memorandum contra Shelly's motion for summary judgment he averred that he looked at the water but could not see the algae "due to the discoloration of the water and glare from the lights and sunlight." (Sherlock Affidavit ¶ 10.) Plaintiff did not explain the fundamental contradiction in his excuse: why he earlier testified that he did not look at the water, yet later averred that he did look at the water but could not see the algae on account of the glare. Moreover, he earlier testified that did not inspect the area before he fell, yet his later account provided details of the area he "didn't inspect." *Page 7 
 {¶ 15} When contradictions exist between a party's statements in an affidavit submitted in summary judgment proceedings and statements contained in depositions or other supporting Civ.R. 56(C) evidence, "and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in [his] prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment." McDowell v. Target Corp., Franklin App. No. 04AP-408,2004-Ohio-7196, ¶ 12; see, also, McDaniels v. Sovereign Homes, Franklin App. No. 06AP-399, 2006-Ohio-6149, ¶ 18; Fifth Third Bank v.Jones-Williams, Franklin App. No. 04AP-935, 2005-Ohio-4070, ¶ 25. Here, the statements in plaintiff's affidavit contradict the statements in plaintiff's earlier deposition, and plaintiff failed to provide an explanation for discrepancy. As a result, plaintiff's affidavit should be disregarded. Without plaintiff's affidavit, no question of fact exists about whether the hazard in this case was open and obvious, and the trial court did not err in so finding.
 {¶ 16} Plaintiff next suggests the open and obvious doctrine does not bar his negligence claim because the continuously flowing water was a dynamic condition not subject to the doctrine. Plaintiff relies onSimmons where this court distinguished premises tort claims alleging negligence premised on a static or passive condition from those alleging negligence in an act or omission. Id. at ¶ 20. The court grounded the distinction in "the two separate and distinct duties an occupier owes its business invitees: (1) static conditions relate to the owner's duty to maintain its premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers, while (2) active negligence relates to the owner's duty not to injure its invitees by *Page 8 
negligent activities conducted on the premises." Id. The court explained that the open and obvious doctrine only eliminates the first duty a premises occupier owes to its business invitees. Id. at ¶ 21.
 {¶ 17} Applying the dichotomy, Simmons focused on the defendant's conduct to differentiate the two types of negligence. See id. at ¶ 22. When viewed in a light most favorable to plaintiff, the evidence inSimmons revealed that the defendant's employee actively created the hazard moments before it caused the plaintiff's injury. The evidence thus created an issue of fact regarding the employee's action and whether it constituted an act of negligence to which the open and obvious doctrine would not apply. Id. The court noted, however, a premises occupier's active conduct may become a static condition through the lapse of time. Id.
 {¶ 18} Here, the conduct of Shelly's employee, unlike the employee's conduct in Simmons, did not actively create or change the injury-causing hazard while plaintiff was on the premises. Although the water was flowing, the moving water existed for a significant period of time before plaintiff encountered it. Because the evidence undisputedly demonstrates that Shelly's employee did not actively create the hazard concurrent with plaintiffs fall, the continuously flowing water is a static condition to which the open and obvious doctrine applies. Plaintiff's first assignment of error is overruled.
II. Second Assignment of Error {¶ 19} Plaintiff's second assignment of error contends that even if the algae was an open and obvious danger as a matter of law, the doctrine nevertheless does not apply because Shelly actively created the unnatural condition that caused plaintiff's injury. To *Page 9 
support his proposition, plaintiff cites Bailey v. St. Vincent DePaulChurch (May 8, 1997), Cuyahoga App. No. 71629, where the Eighth Appellate District noted two exceptions to the open and obvious doctrine in cases involving the natural accumulation of snow and ice.
 {¶ 20} The court initially concluded that "[i]f an occupier is shown to have had notice, actual or implied, that a natural accumulation of snow and ice on his or her premises has created a condition substantially more dangerous than a business invitee should have anticipated by reason of the knowledge of conditions prevailing generally in the area, negligence may be proven." The court also recognized an exception "where the owner is actively negligent in permitting or creating an unnatural accumulation of ice and snow." Applying the rationale of Bailey, plaintiff maintains (1) Shelly's employee knew the injury-causing hazard existed, and (2) knew the hazard was more dangerous than plaintiff could have anticipated. Plaintiff thus contends his claim is exempt from the purview of the open and obvious doctrine.
 {¶ 21} The exceptions stated in Bailey do not apply to plaintiff's claim, as it does not involve the accumulation of ice and snow. A business owner generally owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, but in cases involving the natural accumulations of ice and snow, the duty generally is eliminated. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38; Sidle v. Humphrey (1968), 13 Ohio St.2d 45. Under Ohio's so-called "no-duty" winter rule, "everyone is assumed to appreciate the risks associated with the natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself *Page 10 
or herself against the inherent risks presented by the natural accumulations of ice and snow."
 {¶ 22} The no-duty winter rule assumes everyone will appreciate and protect themselves against risks associated with natural accumulations of ice and snow; the open and obvious doctrine assumes only those who could observe and appreciate the danger will protect themselves against it. Because of the difference in the two doctrines, the exceptions engrafted on the no-duty winter rule need not be applied to the open and obvious doctrine. Plaintiff's second assignment of error is overruled.
 {¶ 23} Having overruled plaintiff's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1