[Cite as *Dunn v. Heineman's Winery*, 2015-Ohio-4054.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| Victoria Dunn | Court of Appeals No. OT-14-044 |
| Appellant | Trial Court No. 13CV361 |
| v. | |
| Heineman's Winery | **DECISION AND JUDGMENT** |
| Appellee | Decided: September 30, 2015 |

* * * * *

Braden A. Blumenstiel, for appellant.

Timothy C. James and Lorri J. Britsch, for appellee.

* * * * *

**JENSEN, J.**

{¶ 1} Appellant, Victoria Dunn, appeals from a judgment of the Ottawa County Court of Common Pleas granting summary judgment to appellee, Heineman's Winery, regarding a trip and fall in an outdoor wine garden. For the reasons set forth below, we affirm the judgment of the trial court.

**{¶ 2}** On September 24, 2011, Dunn visited Heineman's Winery with friends. She had never been to the winery before. After spending a few minutes in the gift shop, she headed toward an outdoor wine garden. The lawn area had recently been seeded and was covered with straw. It had rained earlier that day and the ground was wet. Three pieces of plywood had been placed on the ground so that customers could walk from the gift shop to the wine garden without getting mud on their shoes. Dunn successfully traversed the first two pieces of plywood, but as she raised her foot to step onto the third piece of plywood, she tripped and fell to the ground. Dunn was embarrassed and in pain, but did not want to "make a big deal about it." She took a Vicodin, ate crackers, and drank some wine. She did not report the incident to anyone at the winery.

**{¶ 3}** Dunn filed suit. The winery denied negligence and, following discovery, moved for summary judgment. The trial court found the piece of plywood an open and obvious danger as a matter of law, leaving the winery with no duty to protect Dunn. Dunn appealed. She sets forth the following assignments of error for our review:

1. The trial court erred in granting Appellee's Motion for Summary Judgment by applying the Open and Obvious Doctrine to a moving object.

2. The Trial Court erred in granting the Appellee's Motion for Summary Judgment by applying the Open and Obvious Doctrine to absolve Appellee's active negligence.

3. The trial court erred in granting Appellee's Motion for Summary Judgment because even if the Open and Obvious Doctrine applies a

2.

reasonable juror could conclude the sudden and unexpected rising of the third plywood board was not Open and Obvious.

4. The Trial Court erred in granting Appellee's Motion for Summary Judgment because even if the Open and Obvious Doctrine applies, a reasonable juror could conclude Attendant Circumstances negate the Open and Obvious Doctrine.

## Standard of Review

{¶ 4} On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated: "(1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co., Inc.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

## First Assignment of Error

{¶ 5} In her first assignment of error, appellant contends the trial court erred in applying the open and obvious doctrine to this case because the plywood was not a "static" condition.

3.

**{¶ 6}** "The open-and-obvious doctrine eliminates a premises occupier's duty to warn a business invitee of static dangers on the premises if the dangers are known to the invitee or are so obvious and apparent to the invitee that he or she may reasonable be expected to discover them and protect himself or herself against them." *Simmons v. Am. Pacific Ent., L.L.C.*, 164 Ohio App.3d 763, 2005-Ohio-6957, 843 N.E.2d 1271, ¶ 21 (10th Dist.), citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968).

**{¶ 7}** In *Black v. Discount Drug Mart, Inc.*, 6th Dist. Erie No. E-06-044, 2007-Ohio-2027, we acknowledged that the open-and obvious doctrine applies only to static conditions. *Id.* at ¶ 10. We explained:

> Premises tort claims where the alleged negligence arises from static or passive conditions, such as preexisting latent defects, are legally distinct from claims averring active negligence by act or omission. * * * The difference between static and dynamic forms of negligence is legally significant, because it directly correlates to the two separate and distinct duties an occupier owes its business invitees: (1) static conditions relate to the owner's duty to maintain its premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers, while (2) active negligence relates to the owner's duty not to injure its invitees by negligent activities conducted on the premises. (Citations omitted). *Id.*

4.

{¶ 8} Dunn argues that the open and obvious doctrine does not apply in this case because "the plywood board which suddenly rose up and tripped Appellant was not a static condition."

{¶ 9} In *Black*, we determined that because there was no evidence that a red plastic bin had not been present in the aisle of a drug store for a substantial amount of time, it had become a "static condition." *Id.* at ¶ 11. We found that it "was not a changing condition during appellant's visit to the store."

{¶ 10} Applying this reasoning to the case at bar, we conclude that the plywood board was a "static condition" as it had been placed on the wet, freshly seeded ground prior to Dunn's arrival at the winery. There is no evidence that the board's condition or location changed during Dunn's visit to the winery. Accordingly, Dunn's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 11} In her second assignment of error, Dunn asserts that the act of placing unsecured plywood boards on the ground across the only entrance to the Winery's outdoor eating area constituted "active negligence" and negated the application of the open and obvious doctrine. In support, Dunn relies on *Simmons v. Am. Pac. Enters., LLC*, 164 Ohio App.3d 763, 2005-Ohio-6957, 843 N.E.2d 1271, where the Tenth District Court of appeals distinguished premises tort claims alleging negligence premised on a static or passive condition from those alleging negligence in an act or omission. *Id.* at ¶ 20.

5.

{¶ 12} The *Simmons* court differentiated the two types of negligence by focusing on the business owner's conduct. *Id.* When viewed in a light most favorable to the injured delivery person, the evidence in *Simmons* revealed that the business owner actively created the hazard while the delivery person was in the process of unloading freight. *Id.* at ¶ 22. Thus, the evidence created an issue of fact regarding the business owner's action and whether it constituted an act of negligence to which the open and obvious doctrine would not apply. *Id.* The court implied, however, that a business owner's active conduct may become a static condition through the lapse of time. *Sherlock v. Shelly Company*, 10th Dist. Franklin No. 06AP-1303, 2007-Ohio-4522, ¶ 17, citing *Simmons* at ¶ 22.

{¶ 13} Here, as noted above, the placement of the plywood boards occurred before Dunn arrived at the Winery. There is no issue of material fact regarding the business owner's action. Dunn was not injured by the Winery's "active negligence." Dunn's second assignment of error is not well-taken.

**Third Assignment of Error**

{¶ 14} In her third assignment of error, Dunn asserts that even if the open and obvious doctrine applies in this case, a reasonable juror could conclude that the sudden and unexpected rising of the third plywood board was not open and obvious.

{¶ 15} "[T]he existence and obviousness of an alleged hazard requires a review of the underlying facts." *Freiburger v. Four Seasons Golf Center, L.L.C.*, 10th Dist. Franklin No. 06AP-765, 2007-Ohio-2871, ¶ 11. If the record reveals no genuine issue of

6.

material fact as to whether the hazard was free from obstruction and readily appreciated by an ordinary person, the open and obvious nature of the danger may be appropriately determined as a matter of law. *Id.* But, if reasonable minds could differ about whether the hazard was free from obstruction and readily appreciated by an ordinary person, then this factual issue must be resolved before the court determines whether there is a duty owed. *Id.*

{¶ 16} Our analysis here depends upon a determination as to whether an ordinary person would readily see and appreciate the danger imposed by the placement of large plywood boards upon wet, newly seeded ground. During her deposition, Dunn indicated that before walking towards the outdoor wine garden, she saw the boards and noticed there was nothing securing them to the ground. She further indicated that she used caution when she stepped onto the boards.

{¶ 17} We conclude that the plywood boards were free from obstruction and their unsecured nature readily appreciated by an ordinary person. *See Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-541, 2010-Ohio-2774, ¶ 14 (plywood boards laid over uneven ground as part of detour established while concrete path was under construction constituted an open and obvious hazard). Dunn's third assignment of error is not well-taken.

### Fourth Assignment of Error

{¶ 18} In her fourth assignment of error, Dunn asserts the trial court erred in granting the winery's motion for summary judgment because of "attendant

7.

circumstances." Specifically, Dunn contends that heavy pedestrian traffic, the "recently seeded grass and hay," the narrow pathway over which she was forced to walk, the crowd, the tall man immediately ahead of her, and the "two foot by two foot tote bag" she was carrying constituted attendant circumstances which negate the open and obvious doctrine in this case.

{¶ 19} It has long been held that the "attendant circumstances" of a trip and fall "may create a material issue of fact as to whether the danger was open and obvious." *Frano v. Red Robin Int'l., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, 907 N.E.2d 796, ¶ 22 (11th Dist.). "[A]ttendant circumstances are all facts relating to a situation, such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event." *Id.* "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 33, 646 N.E.2d 198 (2d Dist.1994).

{¶ 20} Here, Dunn saw and was aware of the plywood boards. While she was following a tall man, she never indicated that he diverted her attention. Nor did she indicate that the tote, crowds, or heavy pedestrian traffic diverted her attention. The plywood boards were open and obvious and there were no attendant circumstances diverting Dunn's attention and precluding the application

8.

of the open and obvious doctrine. Dunn's fourth assignment of error is not well-taken.

## Conclusion

{¶ 21} The grant of summary judgment to the winery was appropriate. For the reasons set forth above, the judgment of the trial court is affirmed. The costs of this appeal are assessed to Dunn pursuant to App.R. 24.

Judgement affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.