[Cite as *Bank of Am. v. Sweeney*, 2014-Ohio-1241.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100154**

---

## BANK OF AMERICA, N.A.

PLAINTIFF-APPELLEE

vs.

## MARY M. SWEENEY, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-770977

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEY FOR APPELLANT**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Brett K. Bacon
Emily C. Barlage
Frantz Ward, L.L.P.
127 Public Square, Suite 2500
Cleveland, Ohio 44114

Cynthia Fischer
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Mary M. Sweeney ("Sweeney"), appeals the trial court's decision granting summary judgment in favor of plaintiff-appellee, Bank of America, N.A. We find no merit to the appeal and affirm.

{¶2} On October 24, 2005, Sweeney granted an adjustable rate promissory note ("note") to America's Wholesale Lender in the principal amount of $107,000.00 plus interest in exchange for a loan in that amount. Sweeney also granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for America's Wholesale Lender, in the amount of $107,000.00 plus interest. The mortgage encumbers real estate located at 315 Overlook Park Drive in Cleveland (the "property"). Sweeney successfully made her monthly payments until October 1, 2009, when she defaulted.

{¶3} On January 5, 2010, BAC Home Loans, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. ("BAC") filed a complaint and an amended complaint for foreclosure against Sweeney ("*Sweeney I*"). The note attached to the amended complaint included a copy of a mortgage assignment executed by Shellie Hill ("Hill") on behalf of MERS that transferred the mortgage from MERS, as nominee for America's Wholesale Lender, to BAC. The assignment was recorded in the Cuyahoga County recorder's office on January 6, 2009.

{¶4} Sweeney filed a motion to dismiss the amended complaint, which the court granted. In its judgment dismissing the complaint, the trial court explained that BAC

"failed to provide an affidavit or other evidence indicating that it held the note on the date the complaint was filed."

{¶5} On December 9, 2011, a new foreclosure action was filed against Sweeney, styled *Bank of America v. Sweeney* ("*Sweeney II*"). Bank of America is the successor by merger to BAC. The note attached to the complaint in *Sweeney II* was the same note attached to the amended complaint in *Sweeney I* and alleged the same date of default. However, the note attached to the complaint in *Sweeney I* included an allonge executed by the Assistant Vice President of America's Wholesale Lender, which stated:

> The undersigned, acting on behalf of America's Wholesale Lender, hereby transfers to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP, the Note and all right to payment of all balances outstanding thereunder.

This allonge, which reads like an assignment, was not included with the note attached to the complaint in *Sweeney II*. Instead, there is an indorsement in blank on the last page of the note signed by the managing director of Countrywide Home Loans, Inc.

{¶6} In her answer, Sweeney raised as an affirmative defense that the note is unenforceable because it has been materially altered by virtue of the missing allonge and the new indorsement in blank. Bank of America filed a motion for summary judgment, arguing it was entitled to foreclosure because it was the holder of the note and Sweeney defaulted on it. Sweeney filed a cross-motion for summary judgment, contending the note is unenforceable because it has been materially altered and because there is insufficient evidence establishing that Bank of America is the holder of the note. In

granting summary judgment in favor of Bank of America, the magistrate's decision states, in relevant part:

> Plaintiff has an affidavit indicating that it held the original note and mortgage prior to the filing of the case, that the original note is being held by plaintiff's counsel and the copy of the note attached to the complaint is an exact duplicate of the original. Moreover, there is no evidence before the court that any unauthorized alteration of the note occurred.

The trial court adopted the magistrate's decision over Sweeney's timely objections. Sweeney now appeals and raises three assignments of error.

### Standard of Review

{¶7} We review the trial court's decision granting summary judgment de novo, using the same standard the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is only appropriate when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000).

{¶8} To properly support a motion for summary judgment in a foreclosure action, the moving party must present "evidentiary quality materials" establishing (1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been

met; and (5) the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

**{¶9}** Civ.R. 56(E) states that when a motion for summary judgment is properly made and supported by a party seeking affirmative relief, the nonmoving party may not rest upon the mere denials of the pleadings. *Todd Dev. Co., Inc. v. Morgan,* 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 11. Instead, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Id.* If the defending party does not so respond, summary judgment, if appropriate, may be entered in favor of the party seeking affirmative relief. *Id.* There is no requirement that a moving party "negate the nonmoving party's every possible defense to its motion for summary judgment." *Id.* ¶ 14.

**{¶10}** In the first assignment of error, Sweeney argues the trial court erred in granting summary judgment in favor of Bank of America because the evidence submitted in support of the motion for summary judgment failed to comply with Civ.R. 56(E).[1] In the second assignment of error, Sweeney argues the trial court erred in awarding damages to Bank of America because Bank of America failed to demonstrate evidence of damages.

---

[1] Bank of America argues Sweeney forfeited the right to raise this issue on appeal because she did not raise it in the trial court. Indeed, Sweeney did not discuss this issue in her opposition and cross-motion for summary judgment, but filed a separate motion to strike the affidavits for the same reasons argued on appeal. However, the trial court's order denying the motion to strike was not designated in Sweeney's notice of appeal as required by App.R. 3(D). Nevertheless, we are bound to follow the mandates of Civ.R. 56(E) in our de novo review, whether or not an issue regarding evidence supporting the summary judgment is raised by party.

In both assigned errors, Sweeney contends the two affidavits submitted in support of Bank of America's motion contained only conclusory statements without any evidentiary value. Sweeney argues that without sufficient evidence, Bank of America can neither prove it is the holder of the note nor the amount it claims is due under the note.[2]

**Affidavits**

{¶11} Pursuant to Civ.R. 56(E), affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Copies of all papers referred to in the affidavit are acceptable if the affidavit indicates that the copies submitted are true and accurate reproductions of the originals." *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶ 15.

{¶12} The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31. R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." In a foreclosure action, the current holder of the note and mortgage is the real party in interest. *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, ¶ 15, citing *Chase Manhattan Mtge. Corp. v. Smith,* 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874. Further, a party has standing to invoke the court's jurisdiction if, at the time the complaint is filed, the party is either the holder of the note and mortgage or has

---

[2] We discuss the first and second assigned errors together because they are interrelated.

received an assignment of the mortgage. *Bank of Am., N.A. v. Harris*, 8th Dist. Cuyahoga No. 99272, 2013-Ohio-5749, ¶ 8-10. Therefore, Bank of America is not entitled to summary judgment unless it can establish it is the owner of the note.

**{¶13}** In support of its motion for summary judgment, Bank of America submitted the affidavit of Carol Ann Yagusic ("Yagusic") in which she avers (1) she is an officer of Bank of America; (2) she has personal knowledge of the procedures for creating business records kept in the course of the bank's regularly conducted business; (3) Bank of America held the note prior to filing the complaint; and (4) the attached business records indicate that Sweeney was in default, that the default has not been cured, and the amount of debt owed on note. Although Yagusic does not authenticate the note, she establishes the foundation necessary to authenticate business records outlining the payment history, fees, and delinquency in Sweeney's account.

**{¶14}** Bank of America also submitted the affidavit of Cynthia M. Fischer ("Fischer"), who identifies herself as an employee of Lerner, Sampson & Rothfuss, a law firm that represented Bank of America in the trial court proceedings. According to Fischer's affidavit, Lerner, Sampson & Rothfuss kept the original note in storage on behalf of Bank of America. She also avers that the statements contained in her affidavit are based on personal knowledge and her personal review of records, including the original note, in the ordinary course of business as Bank of America's legal counsel. She authenticates the note as a true and accurate copy of the original note, which she

photocopied herself. Therefore, Fischer's affidavit complies with the requirements of Civ.R. 56(E).

{¶15} Nevertheless, Sweeney argues that Bank of America cannot enforce the note because the assignment from MERS, as nominee for America's Wholesale Lender, to BAC is invalid. She contends Hill lacked authority to execute the assignment on behalf of MERS because she was employed by Lerner, Sampson & Rothfuss.

{¶16} In support of this argument, Sweeney submitted unauthenticated deposition transcripts of Hill in which she admits being a representative of MERS and an employee of Lerner, Sampson & Rothfuss simultaneously and states that she has authority to execute assignments on behalf of MERS. However, the case captions on the cover pages of the transcripts indicate they were taken in connection with two unrelated cases. Furthermore, the transcript is not authenticated by the court reporter and is, therefore, inadmissible pursuant to Civ.R. 56(C). *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 43.

{¶17} Sweeney offers no authority, in fact or law, to support her assumption that the assignment is invalid as a result of Hill's dual status. She also produced no evidence challenging the allegations that (1) she executed the original note; (2) she was in default; (3) Bank of America complied with all conditions precedent to foreclosure; or (4) the principal and interest amounts were accurate. She also failed to refute the evidence submitted by Bank of America that establishes it as the holder of the note.

{¶18} Accordingly, the first and second assignments of error are overruled.

## Material Alteration

{¶19} In the third assignment of error, Sweeney argues the trial court erred in awarding judgment to Bank of America because the note had been materially altered. She contends the removal of the allonge and the addition of the indorsement in blank constitutes an alteration that renders the note unenforceable.

{¶20} R.C. 1303.50(B), which governs the effect of alterations in commercial paper, provides:

> Except as provided in division (C) of this section, an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration. *No other alteration discharges a party, and the instrument may be enforced according to its original terms.*

(Emphasis added.) R.C. 1303.50(B) defines "alteration" as "[a]n unauthorized change in an instrument that purports to modify in any respect the obligation of a party" or "[a]n unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party." Thus, Sweeney's obligations under the note could only be discharged if the alterations made to the note modified her obligations in some fashion.

{¶21} In this case, the only modification to the note between *Sweeney I* and *Sweeney II* is the method of transfer from allonge to indorsement. Further, the allonge and the indorsement are not in conflict with each other. The allonge transfers the note to BAC Home Loan Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P., while the indorsement transfers the note to Countrywide Home Loans, Inc., a New York

corporation doing business as America's Wholesale Lender. Both the allonge and the indorsement transfer the note to Countrywide, which eventually merged with BAC, which later merged with Bank of America.

**{¶22}** Moreover, the removal of the allonge and substitution of the indorsement on the note and mortgage did not alter Sweeney's obligations under those instruments. Sweeney's payments did not increase or decrease, and the interest rate remained unchanged. The payment due dates did not change. No transfer fees applied to the note upon transfer and Bank of America did not accelerate the note; Sweeney defaulted, and the note was accelerated before transfer. Therefore, while the missing allonge and the addition of the blank indorsement to the note is curious, they do not discharge Sweeney of her obligations under the note.

**{¶23}** Accordingly, the third assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR