[Cite as *Simpson v. Am. Internatl. Corp.*, 2014-Ohio-4840.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101183**

**NATHANIEL C. SIMPSON, SR.**

PLAINTIFF-APPELLANT

vs.

**AMERICAN INTERNATIONAL CORP., ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-779111

**BEFORE:** Celebrezze, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEY FOR APPELLANT**

Sylvester Summers
Sylvester Summers, Jr., Co., L.P.A.
7804 Linwood Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEES**

Brian Borla
Kenneth A. Calderone
Carol N. Tran
Hanna, Campbell & Powell, L.L.P.
3737 Embassy Parkway
Suite 100
Akron, Ohio   44333

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Nathaniel C. Simpson, Sr., appeals the grant of summary judgment in favor of appellees, American International Corp., d.b.a. Utilicon ("Utilicon") and the city of Cleveland (the "City"). Simpson sought approximately $250,000 related to damages to his home he alleges occurred when Utilicon was replacing curbs, sidewalks, and driveway aprons under a contract with the City. On appeal, Simpson argues the trial court erred in granting summary judgment and relying on Utilicon's expert report. After a thorough review of the record and law, we affirm the grant of summary judgment.

## I. Factual and Procedural History

{¶2} On March 27, 2012, Simpson filed a complaint against the City, Utilicon, and Utilicon's insurance provider. Utilicon and the City answered, but the insurance company moved to be dismissed from the suit, which the trial court granted. The court held a pretrial conference and set a discovery schedule and deadline for dispositive motions. The court required the parties to submit expert reports by October 31, 2012.

{¶3} Utilicon filed for summary judgment on December 14, 2012. Attached to its motion was a properly authenticated expert report from Rudick Forensic Engineering employee Lorey M. Caldwell, dated December 11, 2012. The City also filed for summary judgment on February 6, 2013, arguing political subdivision immunity. Simpson filed a motion to respond and to produce an expert report, which the court granted on March 13, 2013. What would later be considered Simpson's opposition to summary judgment was then filed on April 11, 2013, with two documents attached that Simpson purported were expert reports: A report from Mike Makarich of I. A. Lewin, P.E. and Associates and a copy of a work order from "Roto Rooter."

However, those reports did not include accompanying affidavits swearing to their authenticity or that the findings within were based on personal knowledge.

{¶4} The trial court scheduled a summary judgment hearing for January 31, 2014. Representatives of Utilicon and the City appeared for argument, but Simpson did not. The court then issued a journal entry documenting that fact and setting forth that a ruling on the motions for summary judgment would be forthcoming. Although Simpson's filings may have been labeled otherwise, at his request, the court considered them all as oppositions to the motions for summary judgment filed by the defendants.

{¶5} The trial court granted summary judgment in favor of the City and Utilicon on March 5, 2014 and March 7, 2014, respectively. In separate, lengthy orders addressing each summary judgment motion, the court found that Simpson had not rebutted the City's immunity argument. It also found that Simpson's negligence claims against Utilicon were not supported. Simpson then filed the instant appeal assigning three errors:

> I. The trial court committed reversible error when it determined that the exhibits and documents attached to [Utilicon's] motion for summary judgment were admissible.
>
> II. The trial court committed reversible error when it granted [Utilicon's] motion for summary judgment on the grounds that Simpson could not prove his negligent construction claim without an expert report.
>
> III. The trial court abused its discretion when it granted [Utilicon's] motion for summary judgment on the grounds that Simpson did not raise a question of material fact as to whether the negligent construction work performed by [Utilicon] was the proximate cause of the damages occurred [sic] by Simpson on his property.[1]

## II. Law and Analysis

---

[1] Simpson's assigned errors do not challenge the grant of summary judgment to the City, so that decision will not be addressed in this appeal.

## A. Standard of Review for Summary Judgment

{¶6} This court reviews the grant of summary judgment de novo. *Brown v. Scioto Cty. Commrs.*, 87 Ohio App.3d 704, 622 N.E.2d 1153 (4th Dist.1993).

{¶7} According to Civ.R. 56(C), before summary judgment may be granted, it must be determined that

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

## B. Proper Evidence Considered in Summary Judgment

{¶8} Civ.R. 56(C) provides,

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence * * * may be considered except as stated in this rule.

{¶9} Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment and provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

"'Copies of all papers referred to in the affidavit are acceptable if the affidavit indicates that the copies submitted are true and accurate reproductions of the originals.'" *Bank of Am., N.A. v.*

*Sweeney*, 8th Dist. Cuyahoga No. 100154, 2014-Ohio-1241, ¶ 11, quoting *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶ 15.

{¶10} Simpson first argues that the expert report submitted by Utilicon was considered by the trial court when it should not have been because it was not properly incorporated by reference in a sworn affidavit, and the report was based on hearsay. Precisely, the whole of Simpson's argument after setting forth proper statements of the law on the topic is:

> Because [Utilicon] failed to incorporate its expert report by reference through a properly framed affidavit, the trial court should have disregarded the purported expert report. * * *
>
> * * *
>
> Here, Lorey Caldwell's report is based in part on inadmissible hearsay statements and it is without any personal observations or first hand knowledge of the actual excavation construction work performed by [Utilicon]. Under these circumstances, the trial court should have disregarded that report because the expert's opinion is not supported by admissible evidence in the record.

That is the extent of the argument. It is unclear from these statements to what Simpson is objecting. The record before this court demonstrates that attached to Utilicon's motion for summary judgment was a sworn affidavit from Caldwell referencing his report, which was also attached, and swearing that it was a true and accurate copy. The affidavit set forth the factual and scientific basis for the conclusions drawn therein. Simpson's argument that the report was not properly before the court under the standards of Civ.R. 56 is contrary to the evidence in the record.

{¶11} In *Embry v. Admr., Bur. of Workers' Comp.*, 10th Dist. Franklin No. 04AP-1374, 2005-Ohio-7021, the Tenth District affirmed the exclusion of an expert report because the incorporating affidavit did not sufficiently outline the facts on which the expert opinion was based because it relied on information outside of the medical records that were not included in

the report or affidavit. That is not the case here. The affidavit submitted detailed that Caldwell conducted a personal inspection of the premises and reviewed photographs and scientific literature attached to his report.

{¶12} Simpson's argument is also unclear as to what hearsay evidence he is referring. Caldwell's report is based on an in-person forensic inspection of Simpson's property, statements Simpson made to Caldwell, and photographs submitted by Simpson or taken by Caldwell. Caldwell's report references statements made by Simpson during the home inspection. Statements made by Simpson, a party opponent, are not inadmissible hearsay. Evid.R. 801(D)(2). The report also relies on and attaches photographs provided by Simpson of the excavation work performed by Utilicon as it was happening. Again, this is not inadmissible hearsay. These were photographs provided by Simpson in discovery.

{¶13} The findings and conclusions in the report do not reference inadmissible hearsay and are based on personal observations, training, and experience. It is unclear from Simpson's argument exactly why the report should have been excluded.

{¶14} Further, Simpson did not object to the report at the trial court level. "Where the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate." *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684, 672 N.E.2d 1081 (6th Dist.1996), citing *Watts v. Watts*, 6th Dist. Lucas No. L-93-200, 1994 Ohio App. LEXIS 1120 (Mar. 18, 1994); *Bergquist v. Med. College of Ohio*, 6th Dist. Lucas No. L-87-327, 1988 Ohio App. LEXIS 2282 (June 10, 1988); *Hersch v. E.W. Scripps Co.*, 3 Ohio App.3d 367, 373, 445 N.E.2d 670 (8th Dist.1981); and *Brown v. Ohio Cas. Ins. Co.*, 63 Ohio App.2d 87, 90-91, 409

N.E.2d 253 (8th Dist.1978). The consideration of such an expert report incorporated in a properly sworn affidavit does not constitute an abuse of discretion.

{¶15} The first assignment of error is overruled.

### C. Expert Evidence of Negligent Construction

{¶16} Next, Simpson argues that the trial court erred in requiring him to prove negligence with an expert report. Simpson argues that he presented a clear case against Utilicon that met all the elements of a negligence action.

{¶17} In order to recover on the basis of negligence, Simpson must set forth operative facts establishing that Utilicon owed him a duty of care, that it breached that duty, and that the breach of duty proximately caused damages to Simpson. *Slack v. Fort Defiance Constr. & Supply, Inc.*, 10th Dist. Franklin No. 03AP-1268, 2004-Ohio-6520, ¶ 18, citing *Shadler v. Double D. Ventures, Inc.*, 6th Dist. Lucas No. L-03-1278, 2004-Ohio-4802, ¶ 25, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶18} The trial court did not require Simpson to produce an expert report in order to prove his case. Ultimately, Simpson produced three documents he claimed were expert reports. Even though these documents were not properly authenticated, the trial court considered them in making its ruling:

> [Simpson] has submitted exhibits in support of his claims against [Utilicon], but none of these documents support his argument that the damages or problems with his home were proximately caused by [Utilicon.] [Simpson] submitted two estimates, from Roto Rooter and Positive Energy Environmental, which detail the cost of making the necessary repairs to his home. Neither of these documents say anything about [Utilicon] and whether its work caused damage to [Simpson's] home. * * *
>
> [Simpson] submitted a report from an engineer, Mike Makarich of I. A. Lewin, P.E. and Associates. Yet, Mr. Makarich's report states that his site visit occurred three years after [Utilicon's] concrete replacement work and 'while the

cracks could be attributed to the vibrations as a result of the concrete replacement work that was done, the cracks can also be attributed to typical expansion and contraction or settling of the structure, therefore, the origin of the cracks in the walls and ceiling can not be determined by this office at this time.' Report, P.1, paragraph 5. Mr. Makarich did not examine other claimed issues related to the sanitary pipe. As written, this report does not constitute evidence that would tend to prove [Simpson's] case, be useful to a jury or admissible at trial.

[Simpson] also submitted an affidavit of himself, wherein he explains the problems with his house and the projected repair costs. In the last sentences, [Simpson] states 'that he is a contractor himself and has had extensive experience in construction.' This sentence, standing only, without any curriculum vitae or statements as to what degrees, training and experience he has, if any, is insufficient pursuant to Evid.R. 702 to qualify [Simpson] as an expert witness in his own trial, assuming a plaintiff could testify as their own expert witness.

**{¶19}** In some instances, negligent construction causes of action may not require an expert to establish breach of a duty or causation. Here, Simpson is arguing that ground vibrations caused by excessive use of excavation equipment to break up concrete rubble caused damage to his foundation, a burst or leaking pipe, and flooding in his basement. Simpson's claim that the use of excavation equipment to break up concrete constituted a breach of Utilicon's duty to him or a breach of a standard of care is unsupported. Simpson alleged that the use of a bucket of an excavator to break up concrete was improper. However, he did not produce any admissible evidence to show that this breached some duty of care or industry standard.

**{¶20}** Getting past the fact that none of Simpson's expert reports were properly incorporated by affidavits, his expert witness reports did not tend to show that a material question of fact remained. The closest he gets is the Makarich report, which could not determine the

source of cracks occurring in the walls and did not address water infiltration. In contrast, the Caldwell report finds significant decay in a primary support structure of the home, which caused sagging in the support system and cracking in walls throughout the home.

{¶21} The Caldwell report documented the failure of a central column supporting the main beam running the length of the house in the basement. This failure caused the beam to sag and the house to settle. This caused cracking of plaster or drywall. The cracking of which Simpson complained was observed by Caldwell to have been previously patched some time ago. Water infiltration consistent with a burst or leaking underground water or sewer pipe was also not observed by Caldwell.

{¶22} Simpson's unsupported legal conclusions are insufficient to establish the existence of a genuine issue of material fact. *Adkins v. Yamaha Motor Corp., U.S.A.*, 4th Dist Lawrence No. 14CA2, 2014-Ohio-3747 ¶ 17, quoting *Moore v. Smith*, 4th Dist. Washington No. 07CA61, 2008-Ohio-7004, ¶15 ("'conclusory affidavits that merely provide legal conclusions or unsupported factual assertions are not proper under Civ. R. 56(E)' and are insufficient to establish a genuine issue of material fact").

{¶23} Further, none of Simpson's reports address the water issue. He argues that the Roto Rooter work order does so, but it only concludes in a brief notation that any water infiltration could be caused by a leaking water line and advises to contact the water department. In contrast, the photographs provided by Simpson and relied on by Caldwell document the replacement of a water stem valve that was damaged by Utilicon during replacement of the curb. The photos show dry earth being disturbed. There is no evidence in the photos that damage to the stem valve caused a water leak. Caldwell concluded that Utilicon's work did not cause a water line leak because there was no evidence of a leak while the work was being performed, and

there was no evidence of percolating water either at the surface of Simpson's yard or under the concrete foundation slab during inspection. Simpson's own affidavit is the only document that tends to establish that he experienced flooding in his basement around the time of the work performed by Utilicon, but nothing tied the two events together.

{¶24} The trial court's decision is not in error. An independent review of the evidence submitted establishes that Utilicon provided admissible evidence showing entitlement to summary judgment, while the information submitted by Simpson did not rebut that which was established by the Caldwell report.

{¶25} Appellant's second assignment of error is overruled.

### D. Proximate Cause

{¶26} In Simpson's final assignment of error, he claims the trial court abused its discretion when it determined that any work by Utilicon was not the proximate cause of damage to his home.[2] Similar to his second assignment of error, Simpson produced nothing that demonstrated that any work performed by Utilicon proximately caused any of his damages. He relies on his affidavit wherein he avers that he felt vibrations and experienced water in his basement after the work was performed. But he provided no evidence of leaking or burst pipes or that the vibrations caused cracking in the plaster or drywall in his home.

{¶27} "Once a [movant] has met its burden of establishing that there is no genuine issue of material fact for trial, a [nonmoving party] may not rest upon mere allegations or denials in the pleadings but must present evidence of specific facts demonstrating a genuine issue of material

---

[2] Contrary to Simpson's assignment of error, this court reviews the trial court's grant of summary judgment de novo.

fact for trial." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 26.

{¶28} In response to Caldwell's report, Simpson was required to produce evidence to establish that a genuine issue of fact existed. His affidavit and those of his proclaimed experts did not do so. Therefore, the trial court did not err in granting summary judgment.

{¶29} Appellant's third assignment of error is overruled.

### III. Conclusion

{¶30} The trial court did not err in granting summary judgment in favor of Utilicon. Reasonable minds can come to but one conclusion in this case — that the cracking and damage to Simpson's house was caused by settlement of the primary support beam of the house, and no evidence of a water leak was demonstrated to be caused by Utilicon's work.

{¶31} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR