[Cite as *King v. American Family Ins.*, 2017-Ohio-5514.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| BARBARA KING, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2016-T-0096 |
| AMERICAN FAMILY INSURANCE, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 01486.

Judgment: Affirmed.

*Gary A. Benjamin,* Community Legal Aid Services, 50 South Main Street, Suite 800, Akron, OH 44308 (For Plaintiff-Appellant).

*Donald P. Wiley,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Barbara King, appeals from the judgment of the Trumbull County Court of Common Pleas, granting defendant-appellee, American Family Insurance's, Motion for Summary Judgment. The issue to be determined in this case is whether damages allegedly caused by vibration, but contested by an expert to have resulted from other long-term causes, are subject to the exclusions clause in a homeowner's insurance policy that states losses for wear and tear and for cracking and

settling are not covered. For the following reasons, we affirm the decision of the court below.

**{¶2}** On July 31, 2014, King filed a Complaint against American Family, which provides her homeowner's insurance. On July 9, 2015, she filed an Amended Complaint, adding as defendants Mike Coates Construction Co., Inc., and B&B Wrecking & Excavating.[1] King alleged that her home in Niles, Ohio, was damaged as a result of construction projects at the nearby Niles McKinley High School. The Complaint alleged that Coates and B&B used equipment in the construction and excavation of the school parking lot that caused "significant vibrations." It stated that these vibrations caused damage to her home, including cracks, leaks, and mold. Count One raised a claim for "Violation of Contractual Rights" due to American Family's denial of her insurance claim. Count Two raised a claim for Negligence by Coates and B&B.

**{¶3}** American Family filed its Answer to Amended Complaint and Cross-claim on August 12, 2015.

**{¶4}** American Family filed a Motion for Summary Judgment on March 31, 2016, attached to which was an affidavit and report from Prugar Consulting, a structural engineering consulting firm. According to the report, Prugar Consulting examined King's home and concluded that the damages were not caused by vibrations resulting from construction. The report outlined alleged damages, including cracks throughout the house, explaining that these areas of concern had been "present and progressing for years," describing the appearance as discolored and patched in many instances. It attributed the damage to various causes, including normal shrinking and swelling due to

---

1. Mike Coates Construction and B&B Wrecking are not parties to the present appeal. As to these parties, King also contended that a contractor's vehicle hit her home, causing damages that were improperly repaired by Coates.

seasonal moisture variations, "creep" (stretching and sagging in wood which develops over years), and normal shifting of concrete over the passage of time and moisture loss. The report noted that damage from vibration is evidenced by certain signs, including "chatter" (flakes of material), which were not present in the current case. The affidavit, signed by registered professional engineer Jerome Prugar, stated that the report was reached to a reasonable degree of engineering certainty.

{¶5} American Family also noted that damage from events such as wear and tear, caused by earth movement or construction, and losses due to settling, cracking, shrinking, bulging, or expansion of pavement, walls, floors, or ceilings are not covered under the terms of King's policy. Coates and B&B also filed separate Motions for Summary Judgment.

{¶6} King filed a Response to Coates' and American Family Insurance's Motions for Summary Judgment on May 3, 2016. She argued that the cracks and damages alleged in the Complaint did not exist prior to the construction work, which is shown through her depositions and neighbors' affidavits and, thus, there was a genuine issue of material fact as to whether the vibration caused the damages.

{¶7} According to King's deposition testimony, she has lived in her home, which she believed was built in 1938, for 13 years. She admitted that some cracks in her home existed before the school project began but testified that other damage occurred during the construction, including separation of the steps and trim from the wall, cracks on walls in multiple rooms and outdoor concrete, and her air conditioning unit "vibrating off" of the concrete slab. She believed that the damage was caused by vibration from the trucks and equipment used in the construction.

{¶8} Attached to King's Response was the affidavit of John Hammel, King's neighbor. He attested that while the work at Niles High School was occurring, which involved the use of a large machine to strike the parking lot pavement and a pile driver, he felt "vibrations." He also attested that he noticed a crack on King's front porch that he "had not noticed" before the construction began. Having been in King's home prior to her ownership, he noted no prior issues with water in the basement.

{¶9} Another neighbor, Mary Bright, stated in her affidavit that she felt vibrations during the construction work, which woke up her children, and that "[t]he vibrations caused several items to move in [her] home, including [the] washer and dryer."

{¶10} On July 26, 2016, the trial court issued a Judgment Entry ruling on the summary judgment motions. As to the claims relating to damage caused by vibrations from the construction project, the court granted summary judgment in favor of all defendants, including American Family. The court found that King did not rebut the expert opinion that the damages were not caused by the vibrations/construction and King's lay witnesses did not opine as to the cause of the damages. The court also ruled in favor of American Family since this type of damage was excluded from coverage under the terms of the insurance policy. As to the claim against B&B and Coates for roof damage, the court found there was a genuine issue of material fact and denied summary judgment as to that issue only.

{¶11} On September 21, 2016, a Stipulation and Judgment Entry of Dismissal was filed, stating that Coates and B&B had settled all claims with King and, since

summary judgment had been entered in favor of American Family, the court's order is final.

{¶12} King timely appeals and raises the following assignments of error:

{¶13} "[1.] The trial court erred in granting summary judgment in finding that there was no evidence before the court that vibrations from a construction project caused damages to appellant's home.

{¶14} "[2.] The trial court erred in granting summary judgment in finding that the vibrations damage alleged by King is expressly excluded from coverage under the American Family homeowner's policy."

{¶15} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers,* 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27. Moreover, "[a]n insurance policy is a contract, and its construction is interpreted as a matter of law." *Penn Traffic Co. v. AIU Ins. Co.,* 99 Ohio St.3d 227, 2003-Ohio-3373, 790 N.E.2d 1199, ¶ 9.

5

{¶16} A party moving for summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Fed. Home Loan Mtge. Corp. v. Zuga,* 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶ 12, citing *Dresher* at 292-293.

{¶17} The assignments of error will be considered out of order for ease of discussion. In her second assignment of error, King argues that the trial court erred in finding that damages caused by vibration are not covered under the insurance policy.

{¶18} The provisions at issue in the policy are found in the "Losses not covered section." This section excludes losses caused by "a. wear and tear, marring, scratching, deterioration * * * and e. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, or ceilings." The trial court found that, "based on the unrebutted expert opinion submitted by American Family Insurance, the damage to the King home was caused by this type of excluded catalysts."

{¶19} We agree that the losses present under the facts of this case are excluded by King's insurance policy. In reading the terms in the contract and giving them their plain and ordinary meaning, *see Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 436 N.E.2d 1347 (1982), such exclusions apply to the type of damage in King's house. The straightforward terms of the policy prevent losses from normal wear and

6

tear, as well as cracking and shrinking in pavements, patios, foundations, walls, roofs, or ceilings. This is especially evident when viewed in light of the evidence presented by the parties in the summary judgment proceedings.

{¶20} While King argues that there is "adequate evidence to get to a finder of fact that this damage was caused by vibration – not settling," such is not the case. King has failed to demonstrate that the cause of the damages she alleged is vibration.

{¶21} Had King been able to demonstrate that the damages caused to her property were not a result of normal wear and tear and/or from cracking and settling of pavements, patios and ceilings, i.e., that they were directly caused by something other than the excluded losses, the application of her insurance policy language would differ. King, however, failed to present evidence to rebut the expert's conclusion that the damages in her house were exactly those covered by the exclusion. American Family presented the report and affidavit of a structural engineering firm which specializes in evaluating damage and structural issues to buildings, that provided detailed descriptions of the likely cause of each item of damage. For example, it explained that typical evidence of damage due to vibrations, such as chatter, was not present, while evidence of other causes, such as patching, discoloring, and warping showing long-term, progressive damages due to normal weather conditions and aging, was present. Testimony that some cracks appeared during the time of the vibration/construction does not refute these conclusions. Under the facts of this case, the expert report supports a conclusion that the terms of the policy exclude coverage, especially given that expert testimony clarifies the often complex causes of structural damage. *See Simpson v. Am. Internatl. Corp.*, 8th Dist. Cuyahoga No. 101183, 2014-Ohio-4840, ¶ 19-23.

7

**{¶22}** King argues that the affidavits of her lay witnesses show that the foregoing exclusions do not apply because the damages appeared after the vibrations began. Again, these affidavits do not ultimately refute the expert's conclusion that the damages were of the type that fall under the exclusions. Further, *Dixon v. Miami Univ.*, 10th Dist. Franklin No. 04AP-1132, 2005-Ohio-6499, cited by King for the proposition that, when there is little passage of time between the incident causing damage and discovery of the damage itself and the matter is not speculative, such lay testimony creates an issue of fact, is distinguishable. In *Dixon*, there was little cause for speculation, since the appellee broke his arm while working (which the appellant did not dispute was caused by its negligence) and a later infection resulted in the area of the fracture. *Id.* at ¶ 46-47. Here, the unrefuted expert report served to show the many complex causes of damages that fall under the exclusions and the neighbor's affidavits do not serve to refute the explicit language of the insurance policy.

**{¶23}** Under the facts of this case, we find that the exclusions contained in King's homeowner's insurance policy precluded her from recovering against American Family Insurance and the trial court properly granted summary judgment in its favor.

**{¶24}** The second assignment of error is without merit.

**{¶25}** In her first assignment of error, King argues that the trial court erred in determining that she failed to prove the vibrations caused the damages since she did not rebut the expert's conclusion that they were the result of other causes.

**{¶26}** Since we have determined that King's claims are excluded by the terms of her insurance policy, the first assignment of error is moot.

{¶27} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of American Family Insurance, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.